DOUCET, Judge.
Plaintiff, Harry LeBlanc, while in the employ of the Louisiana Department of Transportation and Development (DOTD) was injured on August 31, 1981 when a truck owned by his employer rolled over his right foot.
Plaintiff was paid compensation benefits at the rate of $97.00 per week, which was stipulated to be a proper amount, from September 1, 1981 through September 21, 1981, and from August 12, 1982 through September 22, 1982. Medical bills totalling $1,770.84 were also paid by plaintiff’s employer.
Plaintiff filed suit on August 12, 1982 demanding that the worker’s compensation benefits to which he was entitled be resumed. The suit was tried in the Fourteenth Judicial District Court in Calcasieu Parish on January 6, 1986. The trial court concluded that plaintiff had only proved that his physical disability lasted a few weeks, that the evidence introduced at trial by plaintiff fell short of that required to prove the presence of a disabling psychological disorder, and rejected plaintiff’s demands at his cost. It is from this judgment that plaintiff now appeals.
Plaintiff, on appeal, contends that the trial court erred when it failed to find that he was totally disabled due to the fact that he was suffering from chronic pain syndrome with hypochondriacal concern and that this condition was caused by the accident in question.
Plaintiff, in part, bases the above contention on the mistaken assumption that a presumption exists in his favor that his disability was caused by the accident. Plaintiff cites Droddy v. Cliff’s Drilling, Inc., 471 So.2d 223 (La.1985) as authority for this proposition. While we acknowledge that it is true that when an accident and resulting disability occur without an intervening cause, the accident is presumed to have caused the disability for worker’s compensation purposes, in order for a presumption to be created, the disability must be proven. If there is no disability, then *514 one is not entitled to worker’s compensation benefits. As will be discussed later in this opinion, we find that plaintiff failed to prove that he was suffering from chronic pain syndrome. Thus, a presumption was never created in plaintiff’s favor. As such, the trial court was not in error when it denied plaintiff disability benefits.
Plaintiff also contends that the trial court was clearly wrong in its reliance on Andrus v. Rimmer and Garrett, Inc., 316 So.2d 433 (La.App. 3rd Cir.1975) to conclude that plaintiff had failed to prove that he was suffering from a psychological disorder which was caused by the accident. Plaintiff bases this contention by arguing that the facts of the Andrus, supra, case are distinguishable from the facts of the instant situation and that the trial court was therefore in error when it relied on the case. We disagree. Even though the Andrus, supra, facts are not the mirror image of the facts in the instant situation, it was proper for the court to rely on certain propositions of law gleaned from the case.
Andrus, supra, stands for the general proposition that when a disabling psychological disorder is involved, the court must proceed with utmost caution and exercise extreme care in view of the possibility of the symptoms being easily feigned. Furthermore, Andrus, supra, directs courts to scrutinize evidence of cases of this nature very carefully to protect insurers and employers against unjustified claims because of alleged mental affliction.
In the instant situation, the only evidence of psychological injury came from Dr. Harper Willis and possibly plaintiff himself. However, the trial judge listened and carefully considered the testimony of all of the doctors along with the testimony of many lay people that have been associated with plaintiff at one time or another. After careful consideration, the trial judge felt that plaintiff did not prove that he was suffering from a psychological disorder. As stated by the trial judge in his well-written reasons for judgment:
“Some of this contra evidence is evidence that when he returned to work he was able to work and did work. He practiced and demonstrated karate kicks with his right foot. On one occasion he jumped off his tractor several feet to the ground and chased a rabbit. At work he would only limp when in the presence of a supervisor. After termination, on several occasions he signed unemployment compensation forms stating he was able to work. These things, together with his absurd description of the facts of the accident, as well as other questionable aspects of his testimony and his demean- or in court, also make his testimony suspect. His testimony while intended, of course, to be supportive of his cause, has the opposite effect. It did not have the ring of sincerity or truth needed to satisfy a listener that his complaints were genuine.”
The evaluation of the credibility of witnesses is peculiarly within the trial judge’s domain. Additionally, the amount of weight placed by the trial judge on expert testimony, and the findings of fact in this regard, are entitled to great weight on appeal. George v. Lafayette Well Service, Inc., 249 So.2d 212 (La.App. 3rd Cir.1971).
After a careful review of the record, we find that the trial court was not clearly erroneous or manifestly wrong when it found that the evidence presented by plaintiff fell short of that required to prove that he was suffering from a psychological disorder. There is ample evidence in the record to support such a finding. As such, we will not disturb its findings on appeal.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.